## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHICAGO'S PRESCHOOL ACADEMY OF LEARNING, INC. d/b/a WEE CARE PRESCHOOL, | |
| Plaintiff, | No. 20-cv-04044 |
| v. | Judge John F. Kness |
| WEST BEND MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chicago's Preschool Academy of Learning, Inc., doing business as Wee Care Preschool ("Wee Care"), originally brought this action in the Circuit Court of Cook County, Illinois. Defendant West Bend Mutual Insurance Company ("West Bend") removed the case to this Court on July 9, 2020. Dkt. 2, Notice of Removal. Wee Care now seeks to remand for lack of subject matter jurisdiction on the grounds that its claim does not satisfy the $75,000 amount-in-controversy jurisdictional requirement of 28 U.S.C. § 1332(a). Dkt. 8. As explained below, because West Bend has not met its burden of showing by a preponderance of the evidence that Wee Care's claim is worth the amount necessary to establish jurisdiction, *see Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006), Wee Care's motion is granted. This case is remanded to the Circuit Court of Cook County, Illinois for further proceedings.

## I.  BACKGROUND

Plaintiff Wee Care runs a preschool in Chicago, Illinois. Complaint ("Compl."), Dkt. 2-1 ¶ 7. On March 21, 2020, at the onset of the COVID-19 pandemic, the Governor of Illinois issued guidance that mandated the immediate closure of all preschool facilities in the state. *Id*. ¶¶ 30-31. As a result, Wee Care was forced to shut down its operations. *Id*. ¶ 4.

At the time of the closure, Wee Care held a Commercial Lines Insurance Policy (the "Policy") with West Bend. *Id*. ¶ 11. The Policy, which was in effect from August 14, 2019 to August 14, 2020, included a Communicable Disease Business Income and Extra Expense Coverage provision (the "Communicable Disease Coverage") that covered:

> . . . the actual loss of Business Income or Extra Expense that you sustain as the result of your "operations" being temporarily shut down or suspended as ordered by a local, state, or federal board of health or similar governmental board that has jurisdiction over your "operations". The shutdown or suspension must be due to an outbreak of a "communicable disease" or a "water-borne pathogen" at the insured premises . . .

*Id*. ¶¶ 12, 16; p. 46. The Communicable Disease Coverage limited claims brought under that provision to a maximum recovery of $50,000. *See id*. ("The most we will pay under this Additional Coverage for loss in any one occurrence is $50,000"). Following the mandated closure of its facilities, Wee Care made a single insurance claim to West Bend, but West Bend denied it. *Id*. ¶¶ 35-36.

On June 23, 2020, Wee Care sued West Bend in the Circuit Court of Cook County, Illinois. The Complaint includes two counts—declaratory relief and breach

of contract—and seeks "compensatory damages in an amount . . . not less than $50,000[.]" *Id.* at 7. West Bend timely removed the action to this Court, and Wee Care now seeks to remand for lack of subject matter jurisdiction. *See* Dkt. 2, 8.

## II. LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). But "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court[.]" *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). West Bend's asserted basis for federal jurisdiction in this case is diversity jurisdiction under 28 U.S.C. § 1332, which states that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(2).

In cases of removal, the amount in controversy is measured as "the amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed[.]" *Oshana*, 472 F.3d at 510–11 (internal citations omitted). A removing defendant may "present its own estimate of the stakes; it is not bound by the plaintiff's estimate." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). Whether the amount in controversy exceeds $75,000 is a

prediction, not a fact. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). But the proponent of federal jurisdiction must allege and prove the "jurisdictional facts" that determine the amount in controversy by a preponderance of the evidence. *Id*. Once the proponent has established these facts, "the proponent's estimate of the claim's value must be accepted unless there is a 'legal certainty' that the controversy's value is below the threshold." *Id*. (citations omitted). *See also Back Doctors*, 637 F.3d at 830 ("the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible").

Finally, federal courts should interpret the removal statute "narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs.,* 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)). But "[t]here is no presumption against federal jurisdiction in general, or removal in particular." *Back Doctors,* 637 F.3d at 830.

## III. DISCUSSION

A removed case must be remanded to state court if at any time it appears the federal district court does not possess subject matter jurisdiction. West Bend removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and thus must establish that the case meets that statute's diversity and amount-in-controversy requirements. 28 U.S.C. § 1332(a). The parties do not dispute that complete diversity exists (Wee Care is a citizen of Illinois and West Bend is a citizen of Wisconsin), but

disagree whether the value of the case exceeds the jurisdictional threshold of $75,000. *Id*.

In its motion to remand, Wee Care claims its recovery is limited to "no more than $50,000" under the language of the Communicable Disease Coverage—well below the $75,000 amount-in-controversy threshold.[1] Dkt. 8 ¶ 9. West Bend acknowledges that the Communicable Disease Coverage "has a limit of $50,000 per occurrence[,]" Dkt. 12 at 2, but argues that, despite the language in the Policy, Wee Care's allegations demonstrate the true value of the case exceeds $75,000. As explained below, however, West Bend has not met its "burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *See Oshana*, 472 F.3d at 511.

West Bend first argues that the amount in controversy exceeds $75,000 because Wee Care's complaint contains two counts—declaratory judgment (Count I) and breach of contract (Count II)—and Wee Care "does not allege that the damages overlap, nor does it plead these causes of action in the alternative." Dkt. 12 at 2. In general, "a party may aggregate two or more claims against a defendant to satisfy the

---

[1] West Bend characterizes this statement as a "disclaimer" or a "post removal stipulation[ ] [that] cannot defeat jurisdiction." Dkt. 12 at 2. West Bend is correct that such disclaimers or stipulations cannot ordinarily be used as evidence to defeat removal. *See Kalin v. QBE Ins. (Australia) Ltd.*, No. 12 C 2147, 2013 WL 316794, at *3 (N.D. Ill. Jan. 28, 2013). Here, however, the record does not reflect that Wee Care has submitted any such disclaimer or post-removal stipulation that its damages are limited to a certain amount. The Court presumes that Wee Care's statement that its recovery is limited to "no more than $50,000[,]" Dkt. 8 ¶ 9, is not a disclaimer or a post-removal stipulation, but merely Wee Care's valuation of the case "on the day the suit was removed[.]" *Oshana*, 472 F.3d at 511. But regardless of how this statement is characterized, West Bend has not, as discussed below, met its burden of demonstrating by a preponderance of the evidence that the amount in controversy meets the statutory amount necessary to confer jurisdiction under 28 U.S.C. § 1332(a).

amount-in-controversy requirement." *Nieckula v. Menard, Inc.*, No. 13-CV-8302, 2014 WL 12770069, at \*2 (N.D. Ill. Feb. 24, 2014) (citing *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998)). But "[i]f the claims are alternative theories of recovery for the same injury, rather than separate claims for relief . . . aggregation is not appropriate." *Id.*

Wee Care's claim for declaratory relief (Count I) seeks a declaration, among other things, that it is entitled to coverage "for its past and future Business Income loss(es) and extra Expense resulting from COVID-19 and/or the Pandemic[.]" Compl. ¶ 39(f). Its claim for breach of contract (Count II) seeks compensatory damages for West Bend's alleged breach of "its obligations under the Policy by denying coverage to Wee Care for its loss of Business Income and Extra Expense." *Id.* ¶ 43. Although Wee Care may not have specifically pleaded these two counts in the alternative, both claims seek compensation for the same injury: namely, the denial of coverage for business losses and extra expense stemming from the shutdown of Wee Care's business because of the pandemic. Because Wee Care seeks to recover for the same injury under both counts, West Bend cannot aggregate the requests for damages under these counts to satisfy the amount-in-controversy requirement. *See Holmes v. Boehringer Ingelheim Pharm., Inc.*, 158 F. Supp. 2d 866, 868 (N.D. Ill. 2001) ("Counts I and II of the plaintiff's complaint therefore state different legal theories of recovery for the same injury, not separate claims for relief, and they cannot be aggregated to meet the jurisdictional amount of § 1332(a)").

6

Next, West Bend argues that the amount in controversy in an insurance case is not the amount of damages a plaintiff seeks, but instead the total value of the policy at issue. Dkt. 12 at 3. Because the total value of the Policy here is more than $75,000, West Bend argues, this case meets the amount-in-controversy threshold for jurisdiction under 28 U.S.C § 1332(a). *Id*. In support, West Bend relies upon a decision of the Illinois Appellate Court, *Mohr v. Dix Mut. Cnty. Fire Ins. Co.*, 493 N.E.2d 638, 643 (Ill. App. Ct. 1986). In *Mohr*, the Illinois court held that, where a plaintiff alleges that an insurance company failed to comply with the provisions of an insurance policy, the "measure of damages is usually *limited* to the contractual amount." *Id*. (emphasis added).

But here, unlike in *Mohr*, Wee Care does not seek coverage to the full limit of the Policy. Rather, Wee Care seeks coverage only under the Communicable Disease Coverage, which caps coverage for claimed losses at $50,000. Accordingly, the amount required to satisfy Wee Care's demands in full is no more than $50,000. *See Oshana*, 472 F.3d at 510-11.

Finally, West Bend argues that Wee Care seeks coverage under multiple provisions of the Policy—not just the Communicable Disease Coverage—and that the total relief sought under all provisions exceeds $75,000. Dkt. 12 at 3. Under West Bend's reading of the Complaint, Wee Care demands "declarations which could result in damages well in excess of $50,000" and seeks coverage "under numerous coverage provisions—including Business Income, Civil Authority, and Extra Expense, that are not subject to the $50,000 per occurrence limit." *Id*.

West Bend's theories about the Policy provisions under which Wee Care *could have* sought coverage, however, do not refute that Wee Care made only a single claim under the Communicable Disease Coverage—and the allegations of the Complaint support this reading. Wee Care's alleged losses stem only from, as Wee Care alleges, the "necessary suspension of all of [its] operations" following the Governor's COVID-19 guidance. Compl. ¶ 34. This suspension of operations, in turn, is what "trigger[ed] West Bend's coverage responsibilities." *Id.*

To be sure, the Complaint alleges that the Policy covers "property, business personal property, business income, extra expenses, contamination, civil authority and *additional coverages* applicable to the losses claimed in this action." *Id.* ¶ 11 (emphasis added). Although it is unclear what Wee Care meant by this allegation that "additional coverages" apply to its losses, the other allegations in the Complaint make clear that Wee Care's alleged losses stem from a single occurrence (the March 2020 shutdown of its operations caused by the COVID-19 pandemic) and that the *only* provision of the Policy that would cover losses from that single occurrence (the Communicable Disease Coverage) limits coverage to $50,000. Accordingly, because it is a " 'legal certainty' that the controversy's value is below the threshold," *Meridian*, 441 F.3d at 541, West Bend has not met its burden of showing that what Wee Care could possibly "get out of the litigation" exceeds $75,000. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). As a result, this Court lacks subject matter jurisdiction.

## IV.    CONCLUSION

Because the Complaint does not put more than $75,000 at issue, the Court lacks jurisdiction to adjudicate this action. Accordingly, the case is remanded to the Circuit Court of Cook County, Illinois for further proceedings.

SO ORDERED.

Date: September 24, 2020

JOHN F. KNESS
United States District Judge